Action to recover damages for a breach of contract in failing to deliver 75,000 pounds of lint cotton as per written contract, which provided, "That in event party of the second part shall fail to deliver said cotton or any part thereof, according to this contract, then the party of the first part shall be entitled to recover at law, and shall recover damages for such failure from the parties of the second part, his executors or assigns. The measure of damages for such failure, or part thereof, shall be calculated at the highest price in the above-mentioned market on any day between 1 September, 1909, and 1 December, 1909, with interest on such amount from 1 December, at 6 per cent."
The court at the close of the testimony stated it would charge the jury, if they believed all the evidence and should find all the facts to be as testified, there could be no recovery, and they should answer issues in favor of defendant; upon which plaintiff excepted and submitted to nonsuit and appealed.
The first contention of the defendant is that the contract is a gambling one on its face, for these reasons:
(1) No cotton is specified so as to enforce delivery.
(402) (2) Delivery cannot be compelled, as contract provides for a settlement on an artificial price of cotton.
(3) Measure of damage provided is arbitrary and not such as the law provides.
The contract calls for delivery of 75,000 pounds lint cotton at Trenton on or before 1 January, 1910. This is sufficiently specific.
It is true that specific performance of a contract to deliver cotton will not generally be enforced by a court of equity, because the failure to deliver the cotton may be compensated in damages. That does not necessarily stamp a contract as a gambling one.
That the measure of damages provided in the instrument for a breach of the contract differs somewhat from the rule of the law does not of itself conclusively indicate that it is a gambling contract on its face. This is decided in Harvey v. Pettaway, ante, 375.
While there is evidence in this case tending to prove that the contract sued on is a gambling contract, we think there are phases of the evidence to the contrary.
The principles of law governing cases of this character are fully discussed and settled in the opinions of this Court at this term by Mr.Justice Hoke in Rodgers v. Bell, ante, 378; Sprunt v. May, ante, 388.
The case should be submitted to the jury upon the issues raised by the pleadings under appropriate instructions.
New trial.